# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-10552
Summary Calendar

DAVID GLEN WEEMS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-576

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

David Glen Weems, Texas prisoner # 494864, pleaded guilty in 1989 in separate proceedings to burglary of a habitation and to unauthorized use of a motor vehicle and was sentenced to concurrent terms of 15 years in prison. His pleadings indicate that he was released on parole, reincarcerated for a parole violation, released again, and once again imprisoned for violating parole conditions. According to the record, his most recent reincarceration was in 2007.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In February 2007, Weems filed a 28 U.S.C. § 2254 application asserting that his imprisonment on parole violations is unconstitutional. The district court dismissed his applciation as barred by the one-year statute of limitations.

To the extent that Weems challenges the constitutionality of his most recent parole revocation and sentence, which he alleges occurred in 2007, his application would be timely as it was brought within one year of that judgment. Thus, Weems has shown that reasonable jurists would debate whether the dismissal of his application as time-barred was correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, Weems may have a protected liberty interest in street time because, in 2001, the Texas Legislature amended TEX. GOV'T CODE § 508.283 to provide credit for street time following revocation under certain circumstances unless the inmate was ineligible for mandatory supervision under TEX. GOV'T CODE ANN. § 508.149(a). The record is insufficiently developed on this issue. Finally, at the time Weems filed his application, he had a state post-conviction application pending, which would have rendered his claims unexhausted. However, the current status of his state application is unclear.

Accordingly, we GRANT Weems's motion for a COA regarding whether the district court erred in dismissing his challenge to his current incarceration and most recent parole revocation was barred by limitations. We DENY a COA as to any other claims. The judgment of the district court is VACATED and this matter is REMANDED to the district court for further proceedings consistent with this order. We express no opinion on the ultimate outcome of the proceedings.